[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CLARIFICATION
The court denies the plaintiff's last motion for clarification.
Both points alluded to in the motion were contained in the plaintiff's prior motion to reargue and reopen which was CT Page 10648 denied on September 21, 1991, with respect to those items. See Memorandum of decision dated September 21, 1991, where only five points itemized in the plaintiff's request to reargue were granted and all others were denied. The two areas alluded in the plaintiff's motion for clarification were not included in those items which the court granted.
The plaintiff also alluded to the same items in her August 12, 1991, response to the defendant's request that she revise her motion to reopen and reargue to set forth the grounds specifically which had not been set in her motion. One of the items was also set forth in the plaintiff's objection to the Memorandum of Decision filed on August 14, 1991; to wit, that the court erred in giving a lump sum payment of the pension benefits to the defendant because there was no lump sum amount that could be withdrawn. (See Defendant's Objection to Memorandum of Decision dated August 14, 1991.)
The current motion for clarification in effect sets forth the same grounds as in the past which amount to saying that the court erred in ordering the plaintiff to pay the defendant a lump sum representing one half the value of his savings plan and her interest in his pension plan. In oral argument and in the court's response, the court reiterated the order it had entered which in no way required that the payments be made from the savings plan or from the pension plan but simply that they be made. The amount was calculated on the basis of the amount of interest the court found the plaintiff had in those plans.
The plaintiff seems unwilling to accept the court's decision in this regard and continues to reiterate arguments that have been rejected. Since this appears to obstruct the implementation of the court's decision and a reiteration of previously decided claims, it is indeed frivolous.
The present motion for clarification is denied, and the court will order the plaintiff to pay the defendant $300.00 in counsel fees for this last court appearance. The award of sanctions is made because of the plaintiff's continued refusal to accept the court's decision and by the filing of motions on matters which have previously been decided.
It is so ordered. MARGARET C. DRISCOLL STATE TRIAL REFEREE